In the Matter of CARLO M. PERFETTO, Appellant, v. WILLIAM E. DOERING, Respondent, and ANGELO CORDARO et al., Constituting the Committee to Fill Vacancies of the County of Erie, et al., Respondents

Memorandum: One Johnson circulated a designating petition on behalf of respondent, Doering, a candidate for the nomination of the Liberal party for the office of County Legislator. He obtained signatures of voters on a single petition. Thereafter he signed the blank form of the " Statement of Witness " and turned over the sheet to one Franczyk, who testified that Johnson " indicated that there was no objection to me filling that in." Johnson testified that Franczyk " had my authorization to put that in because he told me that would be taken care of." Upon this proof Special Term concluded that Franczyk had been constituted Johnson's agent. We doubt that this finding is in accord with the proof. Moreover, we conclude that fairly construed subdivision 3 of section 135 of the Election Law requires that a witness complete the statement before execution thereof by him. This view is fortified by what subsequently here took place. Franczyk, the so-called agent, made mistakes in filling in the blank spaces, cut out a new blank form and pasted it above Johnson's signature and over the original and erroneously

filled-in form. While there is here no claim of fraud this loose course of procedure is at complete variance with the spirit of the applicable statutory law. (Cf. *Matter of Marcatante* v. *Lundy*, 3 N Y 2d 913.) Special Term having held that the remainder of respondent's designating petitions were invalid the determination of the Board of Elections accepting the petition as valid should be reversed. (Appeal from order of Erie Special Term denying motion to declare designating petitions of William E. Doering invalid.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.